UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

| | |
|---|---|
| JOE A. RAMIREZ,<br><br>    Petitioner,<br><br>V.<br><br>GREGORY KIZZIAH, Warden,<br><br>    Respondent. | Civil Action No. 7: 16-280-KKC<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Inmate Joe A. Ramirez has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and has paid the filing fee. [R. 1, 7]. The Court conducts an initial review of Ramirez's petition. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). For the reasons set forth below, the Court must deny relief.

On November 9, 2006, pursuant to a plea agreement with the United States, Ramirez pled guilty to possession with intent to distribute methamphetamine and aiding and abetting in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B)(viii) and 18 U.S.C. § 2. *See United States v. Ramirez*, No. 6:06-cr-25-C-BG-1 (N.D. Tex. 2006). As part of that agreement, Ramirez expressly waived his right to appeal from either his conviction or his sentence, as well as "his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255." *Id*. at R. 196, p. 6. However, Ramirez reserved the rights "(a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, (ii) an upward departure or variance from the guideline range deemed applicable by the district court, or (iii) an arithmetic error at sentencing, and (b) a claim of ineffective assistance of counsel." *Id*.

According to Ramirez, he was determined to be a career offender pursuant to § 4B1.1 of the United States Sentencing Guidelines because he had at least two prior felony convictions for controlled substance offenses. [R. 1-1 at p. 3-4, 6]. On February 7, 2007, the United States

District Court for the Northern District of Texas sentenced Ramirez to a total of 293 months of in prison to run consecutive with any sentence imposed in Case No. 05-849, Eastland County Court and Case No. CR-06-21145 pending in the 91st District Court, Eastland County, Texas, to be followed by a supervised release term of 4 years. *See Ramirez*, No. 6:06-cr-25-C-BG-1 at R. 235, 236.

On February 12, 2007, Ramirez filed a notice of appeal to the United States Court of Appeals for the Fifth Circuit from the judgment of conviction and sentence in his case. *Id.* at R. 239. This appeal was dismissed as frivolous in 2008. *Id.* at R. 276, 277.

In 2009, Ramirez filed a motion under 28 U.S.C. § 2255 seeking relief from his sentence on the grounds of ineffective assistance of counsel, as well as arguing that the Court erred in imposing his sentence to run consecutively to a yet-to-be imposed state sentence. *Id.* at R. 294; *Ramirez v. United States*, No. 6:09-cv-97-C (N.D. Tex. 2009). On August 31, 2011, Ramirez's § 2255 motion was dismissed as time-barred, although the Court also indicated that, were it not time-barred, the motion should be denied on the merits. *Id.* at R. 11.

In December 2014, Ramirez filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c) based upon Amendment 782 to § 1B1.10 of the United States Sentencing Guidelines. *See Ramirez*, No. 6:06-cr-25-C-BG-1 at R. 333. In May 2016, this motion was denied, with the Court explaining that Ramirez's sentence of 293 months imprisonment "was fair in light of the factors in Title 18, United States Code, Section 3553(a), including his criminal history, offense conduct or relevant conduct, and the post-sentencing conduct. Therefore, the defendant shall not be granted a further reduction in his sentence." *Id.* at R. 367. Ramirez appealed this order to the Fifth Circuit Court of Appeals, *id.* at R. 368, but this appeal was dismissed for want of prosecution. *Id.* at R. 374.

In March 2016, Ramirez filed a second motion under 28 U.S.C. § 2255 seeking relief from his sentence, again on the grounds of ineffective assistance of counsel. *Ramirez*, No. 6:06-cr-25-

2

C-BG-1 at R. 363; *Ramirez v. United States*, No. 6:16-cv-17-C (N.D. Tex. 2016). Among his arguments, Ramirez argued that counsel was ineffective for failing to object to the predicate acts that were the basis for the determination in his Pre-Sentence Report that Ramirez was a career offender as, according to Ramirez, he is innocent of these predicate offenses. According to Ramirez, had counsel objected, it would have been successful and his sentence would have been 10 years, rather than the 25-year career offender sentence imposed. Because Ramirez had previously filed a motion pursuant to 28 U.S.C. § 2255, but had not received permission from the United States Court of Appeals for the Fifth Circuit to file a second or successive motion to vacate, the trial court transferred the matter to the Fifth Circuit. *Id*. at R. 3. The Fifth Circuit dismissed Ramirez's authorization to file a successive § 2255 motion for failure to comply with a notice issued by that Court. *Id*. at R. 6.

In December 2016, Ramirez filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court, arguing that recent decisions issued by the United States Supreme Court constitute a substantial change in the law that retroactively affects the sentencing guidelines applicable to Ramirez "that are in the excess maximum authorized." [R. 1-1 at p. 2]. Specifically, Ramirez states that his petition is filed pursuant to *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), *Mathis v. United States*, __ U.S. __, 136 S. Ct. 2243 (2016), *Beckles v. United States*, __ U.S. __, 137 S.Ct. 886 (2017), *Welch v. United States*, __ U.S. __, 136 S.Ct. 1257 (2016), and *Johnson v. United States*, __ U.S. __, 135 S.Ct. 2551 (2015). Ramirez argues that, under these cases, his prior drug convictions in Texas no longer qualify as either "serious drug offenses," nor do they meet the requirements of a "controlled substance offense" for purposes of his classification as a career offender pursuant to § 4B1.1 of the United States Sentencing Guidelines.

Ramirez's petition must be denied. First, Ramirez is barred from collaterally attacking his conviction or sentence pursuant to the waiver provision found in his plea agreement. In that

3

agreement, Ramirez expressly and unequivocally waived his right to either appeal his conviction or sentence or to collaterally attack either of them in any post-conviction proceeding. Such waivers are enforceable in habeas proceedings under § 2241, and preclude the assertion of the very arguments Ramirez pursues here. *Solis-Caceres v. Sepanek*, No. 13-21-HRW, 2013 WL 4017119, at *3 (E.D. Ky. Aug. 6, 2013) (collecting cases). *See also Muse v. Daniels*, 2016 WL 1163836, at *1 (7th Cir. Feb. 24, 2016) (holding that a collateral attack waiver "would apply equally in a proceeding under § 2241, had not § 2255(e) taken precedence, for § 2241 is a form of collateral attack."); *Muller v. Sauers*, 523 F. App'x 110, 112 (3d Cir. 2013) ("Muller's plea agreement included a waiver of collateral-attack rights 'in any post-conviction proceeding, including-but not limited to-any proceeding under 28 U.S.C. § 2255.' Therefore, his plea agreement forecloses relief pursuant to § 2241 …"); *Johnson v. Warden*, 551 F. App'x 489, 491 (11th Cir. 2013); *Rivera v. Warden, FCI, Elkton*, 27 F. App'x 511, 515 (6th Cir. 2001); *United States v. Chavez-Salais*, 337 F.3d 1170, 1172 (10th Cir. 2003) ("The conventional understanding of 'collateral attack' comprises challenges brought under, for example, 28 U.S.C. § 2241, 28 U.S.C. § 2254, 28 U.S.C. § 2255, as well as writs of coram nobis.")

Although Ramirez retained the right to bring a direct appeal of a sentence exceeding the statutory maximum punishment, an upward departure or variance in the applicable guideline range, or an arithmetic error at sentencing, he clearly and unequivocally waived the right to collaterally attack his sentence by filing a motion for relief pursuant to 28 U.S.C. § 2241. This waiver alone is grounds for dismissal of Ramirez's petition.

However, even putting aside the waiver, Ramirez is still not entitled to the relief he seeks. To the extent that Ramirez relies on the United States Supreme Court decisions in *Johnson* and *Welch*, neither of these cases are applicable here. In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("the ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii) is unconstitutionally vague, and that imposing an increased sentence under that

clause violates the Constitution's guarantee of due process guaranteed under the Fifth Amendment of the U.S. Constitution. *Johnson*, 135 S. Ct. at 2563. In *Welch*, the Supreme Court held that *Johnson* applies retroactively to cases on collateral review. *Welch*, 136 S. Ct. at 1265 (2016). Here, Ramirez alleges that he was determined to be a career offender pursuant to §§ 4B1.1 and 4B1.2 of the United States Sentencing Guidelines because he had at least two prior felony convictions for controlled substance offenses. [R. 1-1 at p. 3-4, 6]. He does not allege that he was sentenced under the ACCA, which was the specific statutory scheme addressed in *Johnson*. Thus, *Johnson* and *Welch* do not apply to him. Indeed, in *Beckles* (another case erroneously relied upon by Ramirez), the United States Supreme Court held that the Sentencing Guidelines are not subject to a due process vagueness challenge, rendering them immune from the very type of *Johnson* claim Ramirez attempts to assert against his Guidelines sentence here. *Beckles*, 137 S. Ct. 886.

Moreover, Ramirez may not use a § 2241 petition to assert *Mathis* as a ground to challenge the enhancement of his sentence. A § 2241 petition may only be used as a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). A federal prisoner who instead wishes to challenge the legality of his conviction or sentence must use a motion under § 2255. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between permissible uses for a § 2255 motion and a § 2241 petition). The prisoner may not resort to § 2241 to seek relief even when § 2255 is not presently "available" to him, whether because he filed a timely motion and was denied relief; he did not file a timely § 2255 motion; or he filed an untimely motion. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002). In other words, prisoners cannot use a habeas petition under § 2241 as yet another "bite at the apple." *Hernandez v. Lamanna*, 16 F. App'x 317, 360 (6th Cir. 2001).

The decidedly narrow scope of relief under § 2241 applies with particular force to challenges not to convictions, but to the sentence imposed. *Peterman*, 249 F.3d at 462; *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("The savings clause of section 2255(e) does not apply to sentencing claims."). In *Hill v. Masters*, 836 F. 3d 591 (6th Cir. 2016), the Sixth Circuit articulated a very narrow exception to this general rule, permitting a challenge to a sentence to be asserted in a § 2241 petition, but only where (1) the petitioner's sentence was imposed when the Sentencing Guidelines were mandatory before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); (2) the petitioner was foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that - as a matter of statutory interpretation - a prior conviction used to enhance his federal sentence no longer qualified as a valid predicate offense. *Hill*, 836 F. 3d at 599-600. Ramirez's claim fails to satisfy the threshold requirement of *Hill* because he was sentenced in 2007, two years after *Booker* rendered the Sentencing Guidelines advisory rather than mandatory. Ramirez's claim therefore falls outside the decidedly narrow exception set forth in *Hill*, and his sentencing claim therefore does not fall within the narrow scope of § 2255(e)'s savings clause. *Peterman*, 249 F.3d at 462. His petition must therefore be denied.

Finally, to the extent that Ramirez also attempts to rely on *Hinkle*, 832 F.3d 569, *Hinkle* was decided by the United States Court of Appeals for the Fifth Circuit, not the United States Supreme Court, and is therefore not binding on this Court. More importantly, in *Hinkle*, the Fifth Circuit Court of Appeals applied the "modified categorical approach" used in *Mathis* to determine whether an offense qualifies as an ACCA predicate to a case on direct appeal, not on collateral review. *Hinkle*, 832 F.3d at 574-75. *See USA v. Ramirez*, 2017 WL 2819906 at *6 (S.D. Tex. June 28, 2017)("Because *Mathis* does not apply on collateral review, the holdings in *Hinkle* and [*United States v. Tanksley*, 854 F.3d 284 (5th Cir. 2017)] do not apply on collateral

6

review either."); *Brodie v. United States*, 2017 WL 2540570 at *2 (W.D.Ky. June 9, 2017)(rejecting the argument that *Hinkle* demonstrates that *Mathis* should apply retroactively to cases on collateral review because *Hinkle* was decided on direct appeal and not collateral review). Thus, *Hinkle* is inapplicable here.

For all of these reasons, Ramirez's petition must be denied. Accordingly, **IT IS ORDERED** that:

1. Ramirez's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

Dated August 9, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY